UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EVERETT WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-0349-RCJ-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARDEN JAMES BENEDETTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Everett Walker, has been granted leave to proceed in *forma pauperis* without an initial payment. The complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 shall be filed. The complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under § 1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can

be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.,* 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).

**II.     Discussion**

Plaintiff brings a single claim for relief alleging his rights under the Eighth Amendment were violated when Correctional Officer (C/O) Vidaurri, assaulted him while he was speaking to Senior C/O Corzine in the dining hall. He further alleges that Corzine failed to intercede to stop the attack by Vidaurri, and that Warden Benedetti failed to properly train the correctional officers in how to control their tempers.

Plaintiff identifies three defendants, naming them in their personal and official capacities. A person cannot be sued in his or her official capacity for money damages. Only

1 injunctive relief is available for defendants said to be acting in their official capacities. On the other
2 hand, personal capacity suits seek to impose personal liability upon a governmental official for actions
3 taken under the color of state law. *Kentucy v. Graham,* 473 U.S. 159, 165 (1985). Plaintiff seeks on
4 money damages. Thus, any claims against the defendants in their official capacities must be
5 dismissed.

### Count One

7 Plaintiff claims a violation of the Eighth and Fourteenth Amendments when defendant
8 Correctional Officer (C/O)Vidaurri physically attacked him while he was speaking with defendant
9 Senior C/O Corzine and that Corzine had the authority, but failed to intercede and stop Vidaurri from
10 his violent acts against plaintiff.

11 At the outset, the Court notes that, "Where a particular amendment 'provides an
12 explicit textual source of constitutional protection' against a particular sort of government behavior,
13 'that Amendment, not the more generalized notion of "substantive due process," must be the guide
14 for analyzing [a plaintiff's] claims'." *Albright v. Oliver,* 510 U.S. 266, 273-74 (1994) (Rehnquist,
15 C.J., for plurality) (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)). Therefore, plaintiff's
16 claims will be analyzed under the Eighth Amendment right to be free from cruel and unusual
17 punishment rather any generalized notions of substantive due process under the Fourteenth
18 Amendment. Moreover, plaintiff offers no facts to support an equal protection claim. His Fourteenth
19 Amendment due process and equal protection claims must be dismissed.

### Eighth Amendment

21 When a prison official stands accused of using excessive physical force in violation of
22 the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether
23 force was applied in a good-faith effort to maintain or restore discipline, or maliciously and
24 sadistically for the purpose of causing harm. *Hudson v. McMillian,* 503 U.S. 1, 7 (1992) (citing
25 *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was

3

wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10.

Here, plaintiff relates that he was struck and pushed into a window by C/O Vidaurri, in an attempt to restrain plaintiff, apparently because he did not like what plaintiff was saying to Senior C/O Corzine. Plaintiff "tried to explain" that he was speaking to Corzine, not Vidaurri. Plaintiff asserts that his speech was not loud or disrespectful, but that he was expressing disagreement with some correctional officers' allegations against inmates. Plaintiff reveals that when Vidaurri forcefully pushed him into the window, the glass broke, cutting plaintiff's hand. Plaintiff's lower back was also injured when it hit the window sill. Plaintiff was given medical attention and then removed to administrative segregation to await a disciplinary hearing. At the disciplinary hearing, plaintiff was found guilty of disobedience and property damage in excess of fifty dollars. He was found not guilty of three other, more serious charges.

Here, plaintiff has stated a claim against C/O Vidaurri for excessive force. Taking plaintiff's assertions as true, there was no obvious security reason for the force used by Vidaurri, particularly because Senior C/O Corzine did not act to restrain plaintiff. However, plaintiff has not stated a claim against Senior C/O Corzine. It appears that the actions of Vidaurri took place so quickly, that it would have been impossible for Corzine to stop Vidaurri. Because Senior C/O

1  Corzine could not have anticipated Vidaurri's actions, he did not demonstrate the required deliberate
2  indifference toward a threat of harm to plaintiff.

3  <u>Failure to Train</u>

4  Plaintiff attempts to assert a claim against Warden Benedetti for his purported failure
5  to train correctional officers to control their temper.

6  Benedetti can be held liable in his individual capacity " 'for his own culpable action or
7  inaction in the training, supervision, or control of his subordinates; for his acquiescence in the
8  constitutional deprivation[;] or for conduct that showed a reckless or callous indifference to the rights
9  of others.' " *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (quoting *Larez v. City
10  of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991)). If Vidaurri used excessive force, Benedetti's
11  liability as supervisor depends upon whether he " 'set in motion a series of acts by others, or
12  knowingly refused to terminate a series of acts by others, which he knew or reasonably should have
13  known, would cause others to inflict the constitutional injury.' " *Id.* (quoting Larez, 946 F.2d at 646).
14  Here, plaintiff merely alleges that the warden should have trained Vidaurri and other correctional
15  officers to control their tempers.

16  While plaintiff speculates that he "would not be surprised if this is not the first time
17  defendant Vidaurri has been accused of such actions," speculation is not sufficient to show that
18  Benedetti knew or had reason to know of Vidaurri's temper or his loss of control or that Benedetti
19  set in motion the acts of which plaintiff now complains. Plaintiff makes no allegation that other
20  officers have demonstrated unjustified violent actions under Benedetti's supervision. Thus, plaintiff
21  has failed to state a claim for failure to train against the warden. Additionally, the fact that the
22  plaintiff was acquitted of the more serious charges made against him, presumably by Vidaurri, shows
23  that other correctional officers are able to act in a reasoned and controlled manner.

24  The claim against Benedetti shall be dismissed.

25
26

5

### III. Conclusion

The complaint states claims under the Eighth Amendment for excessive force against defendant C/O Vidaurri. No due process or equal protection claims are presented. In addition, there are no facts to support plaintiff's claims against Senior C/O Corzine or Warden Benedetti. These defendants shall be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Clerk shall **file** the Complaint.

**IT IS FURTHER ORDERED** that Count One of the complaint shall proceed against defendants C/O Vidaurri on a claim of excessive force under the Eighth Amendment.

**IT IS FURTHER ORDERED** that claims under the Fourteenth Amendment are **dismissed and** defendants Senior C/O Corzine and Warden Benedetti are **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of Plaintiff's complaint, to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City, Nevada 89701-4717.** The Attorney General shall advise the court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of the entry of this order.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the

original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED: This 3rd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____,  )   Case No. _____
              Plaintiff,           )
                                )
v.                              )   **NOTICE OF INTENT TO**
                                )   **PROCEED WITH MEDIATION**
_____   )
                                )
_____   )
              Defendants.          )

       This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

    _____

    _____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

    _____

    _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

9